## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,                    Case No. 20-cr-282 (3) (PJS/ECW)

      Plaintiff,

    v.                                                **ORDER**

Leroy Lemonte Perry Williams, Jr.,

      Defendant.

---

This case is before the Court on Plaintiff United States of America's ("the Government") Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, 12.3 and 26.2 (Dkt. 271); Defendant Leroy Lemonte Williams, Jr.'s Motion for Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807 (Dkt. 281); and Defendant Leroy Lemonte Williams, Jr.'s Motion for Government to Disclose Grand Jury Transcripts (Dkt. 282).

On June 8, 2022, the parties agreed that the pending motions could be decided on the papers without a hearing.  (Dkt. 287.)

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.    Plaintiff United States of America's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, 12.3 and 26.2 (Dkt. 271) is **GRANTED** as unopposed.

2.    Defendant Leroy Lemonte Williams, Jr.'s Motion for Notice of Government's Intent to, Use Residual Hearsay Exception Under Rule 807 (Dkt. 281) is

**GRANTED** in part.  Defendant moves, pursuant to Fed. R. Evid. 807, for an order requiring the Government to provide notice of its intent to use residual hearsay at least 60 days before trial and for the names and addresses of those making the hearsay statement(s).  The Government states that it will fully comply with its obligations under Rule 807, and represents that it will provide any anticipated Rule 807 evidence within three weeks of trial.  (Dkt. 284 at 2.)  Rule 807 provides that a residual hearsay "statement is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement—including its substance and the declarant's name—so that the party has a fair opportunity to meet it."  Fed. R. Evid. 807(b).  "The notice must be provided in writing before the trial or hearing—or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice." *Id.*  Defendant's motion is **GRANTED IN PART** to the extent that the Government shall comply fully with its obligations under Federal Rule of Evidence 807 and provide notice and the required disclosures no later than three weeks before trial begins.  To the extent Defendant seeks disclosures outside the Government's obligations under Rule 807, including any declarant's address (which is no longer required by Rule 807), his motion is **DENIED**.

3.      Defendant Leroy Lemonte Williams, Jr.'s Motion for Government to Disclose Grand Jury Transcripts (Dkt. 282) is **GRANTED** insofar as the Government has represented that it will disclose grand jury transcripts to the extent necessary to comply with its obligations under the Jencks Act, Federal Rules of Criminal Procedure 12(h) and 26.2, and *Brady*, *Giglio*, and their progeny (Dkt. 284 at 1); and is otherwise **DENIED**.

According to the United States Supreme Court, there is a "long established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958) (citations omitted).  A defendant must allege a "particularized need" with support for the records.  *See United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994) (citing Fed. R. Crim. P. 6(e)(3)(C)(ii)).  For example, a court may authorize disclosure of grand jury transcripts where a defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury . . . ."  Fed. R. Crim. P. 6(e)(3)(E)(ii).  A bare allegation that grand jury records are necessary does not satisfy the "particularized need" requirement.  *See Warren*, 16 F.3d at 253.  Defendant has made no showing of a particularized need for the grand jury transcripts.

4.     The Court acknowledges that Defendant has filed a number of pro se letters with the Court.  (Dkts. 285, 286, 289.)  To the extent that the letters seek action from the Court, including a request for a detention hearing, those requests are **DENIED**.  The Court will not consider these submissions because "'[i]t has long been Eighth Circuit policy 'that when a party is represented by counsel, we will not accept pro se briefs for filing.'"  *United States v. Hunter*, No. CR 12-185(3) ADM/FLN, 2016 WL 6915506, at *3 (D. Minn. Nov. 22, 2016) (quoting *United States v. Hunter*, 770 F.3d 740, 746 (8th Cir. 2014), quoting *United States v. Payton*, 918 F.2d 54, 56 n.2 (8th Cir. 1990), *cert. denied*, 502 U.S. 948 (1991).  Defendant should seek relief from the Court, including any request to reopen the issue of detention, through his legal counsel.

3

DATED:  July 6, 2023                      *s/Elizabeth Cowan Wright*
                                          ELIZABETH COWAN WRIGHT
                                          United States Magistrate Judge