UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-CR-0282(3) (PJS/ECW) |
| Plaintiff, | |
| v. | ORDER |
| LE-ROY LEMONTE'-PERRY WILLIAMS, JR., | |
| Defendant. | |

Nathan H. Nelson, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Glenn P. Bruder, MITCHELL, BRUDER & JOHNSON, for defendant.

This matter is before the Court on defendant Le-Roy Lemonte'-Perry Williams, Jr.'s objection to the July 6, 2023 Report and Recommendation ("R&R") of Magistrate Judge Elizabeth Cowan Wright. Judge Wright recommends denying Williams's motion to dismiss the superseding indictment. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Williams's objection and adopts Judge Wright's R&R.

Only one matter merits comment. In addition to agreeing with Judge Wright that the superseding indictment is not duplicitous, the Court notes that Williams's reading of the law would put the government in a straightjacket when charging under a statute that (like 18 U.S.C. § 844(i)) enumerates more than one means for committing a

single offense.  On the one hand, the government cannot charge in the disjunctive.  *See, e.g.*, *United States v. Hicks*, 619 F.2d 752, 758 (8th Cir. 1980) (noting that "it is a rule of federal pleading that an indictment must charge in the conjunctive, namely that the defendant did this 'and' that").  On the other hand, the government cannot bring separate counts based on the same conduct to correspond with each means enumerated in the statute.  *See, e.g.*, *United States v. Street*, 66 F.3d 969, 975 (8th Cir. 1995) ("'Multiplicity' is the charging of a single offense in several counts.  The vice of multiplicity is that it may lead to multiple sentences for the same offense." (cleaned up)).  If, as Williams contends, charging in the conjunctive is impermissibly duplicitous, the government would have to limit itself, at the pleading stage, to proving only one of the multiple means enumerated in the statute.  That is clearly not the law, as the very existence of *Hicks* and similar cases makes clear.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Williams's objection [ECF No. 294] and ADOPTS the R&R [ECF No. 291].  IT IS HEREBY ORDERED THAT Williams's Motion to Dismiss Count 1 of the Indictment for Duplicity and/or Other Defects [ECF No. 280] is DENIED.

Dated: August 1, 2023                               s/Patrick J. Schiltz
                                                              Patrick J. Schiltz, Chief Judge
                                                              United States District Court