UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                      Crim. No. 20-282(3) (PAM/ECW)

Plaintiff,

v.                                                                    **MEMORANDUM AND ORDER**

Leroy Lemonte Perry Williams, Jr.,

Defendant.

_____

This matter is before the Court on the parties' Motions in Limine.  The Government filed a single Motion with nine parts.  Defendant filed four Motions.  The Motions are addressed in turn.

**A.      Government's Motion**

**1.      Reference to Possible Punishment**

The Government first requests that Defendant be prohibited from referencing his potential punishment should he be convicted.  Defendant responds that he does not intend to make any such references.  This part of the Motion is denied as moot.

**2.      Defendant's Hearsay Statements**

The Government seeks to exclude unspecified hearsay statements.  Defendant agrees that the admission of hearsay is improper.  But a motion in limine is not the appropriate avenue to address hearsay.  Rather, should Defendant seek the admission of hearsay evidence, the Government can object at that time.  This portion of the Motion is denied without prejudice to specific objection at trial.

3.      **Defendant's Felony Conviction**

The Government asks the Court to order that Defendant's 2015 felony conviction for receiving stolen property is admissible if Defendant chooses to testify. Fed. R. Evid. 609(a)(1)(B). Defendant does not dispute that the felony conviction is admissible, subject to Court determination that the probative value outweighs the prejudice to Defendant as the Rule requires. This part of the Motion is granted.

4.      **Defendant's False-Statement Conviction**

Similarly, the Government asks that the Court rule that Defendant's 2016 conviction for giving a peace officer a false name is admissible as a false-statement conviction under Rule 609(a)(2) if Defendant testifies. Defendant does not object to the use of this conviction, and the Government has established that requirements of Rule 609(a)(2). This aspect of the Motion is granted.

5.      **Jury Nullification**

The Government contends that Defendant may attempt to introduce evidence or argument regarding the Government's motivation for prosecuting Defendant. Defendant states that he does not intend to argue for jury nullification, but reserves the right to argue about the Government's motivation for prosecuting him if that motivation demonstrates that Defendant is not guilty.

If the Government believes any such argument is improper, it may object at that time. This part of the Motion is denied without prejudice.

6.      **Selective Prosecution**

The Government also asks for an order prohibiting Defendant from arguing that he is being selectively prosecuted—because others were not prosecuted for their roles in the arson—or that his prosecution is politically motivated or vindictive.  Defendant disavows any intention to make such an argument, and this aspect of the Motion is denied as moot.

7.      **Use of Force**

This portion of the Government's Motion seeks to preclude Defendant from referencing or arguing to the jury regarding local or national controversies involving law enforcement's use of force.  Although the trial will involve evidence about a false rumor that law enforcement shot an individual in downtown Minneapolis—when the individual in fact killed himself—the Government contends that any argument regarding law enforcement's use of force on dates other than the day of the arson is irrelevant and unduly prejudicial.

Defendant states that he will not reference any such controversies regarding law enforcement's use of force.  This part of the Motion is therefore denied as moot.

8.      **Defense Expert and Video Tampering**

The deadline for expert witness disclosures has passed without any notice of such expert testimony from the Defendant.  The Government asks the Court to prohibit any defense expert witnesses from testifying.  The Government also notes that Defendant's letters repeatedly claim that the video evidence in this case has been tampered with, but has offered no evidence or expert testimony that any tampering occurred.  The Government

asks that Defendant be prohibited from arguing or suggesting that the videos were tampered with.

Defendant will not present any expert testimony, nor will Defendant argue to the jury that the video has been tampered with. But Defendant may question witnesses about the condition of the video camera; if that questioning seeks to elicit irrelevant or prejudicial testimony, the Government may object. This portion of the Motion is therefore denied without prejudice as moot.

### 9.    Sequester Witnesses

Finally, the Government seeks the sequestration of witnesses with the exception of Sara Thomas, the case agent. Sequestration when one party requests it is mandatory. <u>See</u> Fed. R. Evid. 615 ("At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony."). This aspect of the Motion is therefore granted.

### B.    Defendant's Motions

### 1.    Defendant's Prior Testimony

Defendant asks the Court to preclude any testimony or argument that introduces to the jury his testimony from his guilty-plea hearing. The Government will not seek to introduce this evidence, and the motion is therefore denied without prejudice as moot.

### 2.    Defendant's Written Communications

Defendant has sent more than twenty letters to the Court in this matter. In this Motion, Defendant seeks to bar the use of portions of these letters at trial. Defendant recognizes that, if he chooses to testify, some parts of these letters may be admissible for

cross-examination purposes, but asks the Court to preclude the Government from seeking the admission of his letters for any other purpose. The Government agrees that the portions of the letters in which Defendant takes issue with the attorneys for the Government or his former and current attorneys should not be admitted.

As the Government notes, however, in several of the letters, Defendant admits to being the person in the video and also admits that he was trying to light something on fire in the video, claiming that he wanted to burn sage in the building, not set fire to the building. These admissions may be used to establish Defendant's identity, if he contests that issue, and also that he was indeed attempting to burn something. Defendant's motion on this point is denied without prejudice to further argument regarding the relevance of the particular evidence the Government seeks to introduce. If necessary, the Government will redact from the portions of letters it seeks to admit any discussion of Defendant's grievances with the attorneys in this matter.

Defendant's request that the entire contents of any letter the Government uses be admitted under the rule of completeness is also denied. The Rule provides that, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness out to be considered at the same time." Fed. R. Evid. 106. The rule of completeness does not mandate the admission of an entire document, but only those portions necessary to establish the context of other portions admitted. United States v. Green, No. 22-2869, 2023 WL 6471673, at *5 (8th Cir. Oct. 5, 2023). "[T]he rule ... operates to ensure fairness where a misunderstanding or distortion created by the other party can only be averted by the introduction of the full

text of the out-of-court statement." <u>United States v. Ramos-Caraballo</u>, 375 F.3d 797, 803 (8th Cir. 2004) (quotation omitted). "The party urging admission must thus specify any portion of the writing or recording that is relevant and that qualifies or explains portions already admitted." <u>Green</u>, 2023 WL 6471673, at *5 (quotation omitted); <u>see also</u> <u>United States v. Smith</u>, 794 F.2d 1333, 1335 (8th Cir. 1986) (finding that the rule of completeness "does not entitle the defendant to introduce portions of his statement that are neither explanatory of nor relevant to those portions of the statement introduced by the prosecution").

If Defendant believes that Rule 106 mandates the admission of additional portions of a letter along with the portions the Government seeks to admit, he can offer those additional portions. The Court will then determine if the additional matters "in fairness ought to be considered at the same time" as the Government's evidence. Fed. R. Evid. 106. Defendant's Motion is denied without prejudice.

### 3.    Video Recordings of Other Arson

Defendant moves for an order prohibiting the Government from eliciting testimony or introducing evidence regarding other acts of arson at the Target Corporation headquarters on the day of Defendant's alleged activities. The Government will not introduce any video evidence regarding other acts of arson at the headquarters, and this part of the Motion is denied as moot.

The Government notes that witnesses may reference the other acts of arson when describing the riots that occurred on the day in question. Such evidence is likely admissible as relevant background evidence. Should Defendant believe that the references are unduly

prejudicial, he can object at that time.  This part of the Motion is therefore denied without prejudice.

### 4.      Rule 404(b) Evidence

Finally, Defendant asks the Court to preclude two categories of impeachment evidence under Rule 404(b).  First is evidence that Defendant committed frequent acts of shoplifting and trespassing at the downtown Minneapolis Target store before the events in question.  Second is video evidence that purports to show Defendant stealing a coin-change device from another business earlier on the evening of the arson at issue.

The Rule provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  Such evidence is admissible for other purposes, however, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Id. R. 404(b)(2).  "This evidence is admissible if (1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value."  United States v. Green, 151 F.3d 1111, 1113 (8th Cir. 1998).  But evidence of prior bad acts is not admissible to provide Defendant's character or "his propensity toward criminal activity."  United States v. McDaniel, 773 F.2d 242, 247 (8th Cir. 1985).

Evidence of Defendant's frequent interactions with Target security is undoubtedly relevant to establish identity—that Defendant is the person in the video, as Target security

officers will testify.  If Defendant does not dispute identification, however, such evidence is nevertheless relevant because Defendant's contentious relationship with Target security establishes a motive for Defendant's alleged attempt to set fire to the Target corporate headquarters.  Moreover, this evidence shows Defendant's lack of mistake and knowledge of the building he was allegedly attempting to damage.

Defendant's involvement with a burglary a few hours before the alleged arson is also appropriately admitted as Rule 404(b) evidence.  The burglary at issue occurred in the same location as the alleged attempted arson, and was part of the same widespread rioting and looting as the alleged arson.  It is thus "similar in kind and not overly remote in time to the crime charged."  Green, 151 F.3d at 1113.  Moreover, evidence of the burglary is directly relevant to Defendant's intent, as he claims that he was not participating in the widespread damage to property that occurred on the evening in question.  See United States v. Orozco–Rodriguez, 220 F.3d 940, 942 (8th Cir. 2000) (quotation omitted) ("Rule 404(b) does not bar evidence that completes the story of the crime or explains the relationship of the parties or the circumstances surrounding a particular event.").  Defendant's involvement in a burglary shortly before the alleged arson tends to show that Defendant's explanation for his presence at the Target headquarters is not worthy of credence.

Defendant's motion to exclude this evidence is therefore denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1.    The Government's Consolidated Motion in Limine (Docket No. 338) is **GRANTED in part**, **DENIED as moot in part**, and **DENIED without prejudice** in part as discussed above;

2.    Defendant's Motion in Limine regarding use of prior testimony (Docket No. 345) is **DENIED as moot**;

3.    Defendant's Motion in Limine regarding Defendant's written communications with the Court (Docket No. 346) is **DENIED without prejudice**;

4.    Defendant's Motion in Limine regarding video recordings of other acts of arson (Docket No. 347) **is DENIED without prejudice**; and

5.    Defendant's Motion in Limine to exclude Rule 404(b) evidence (Docket No. 348) is **DENIED**.


Dated:    October 20, 2023          *s/Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge